CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2018 MAY 30  AM 8: 50
LUBBOCK DIVISION

DEPUTY CLERK _____

ROY MOYA,                         )
                                  )
                Movant,           )
                                  )
                                  )    CIVIL ACTION NO. 5:17-CV-021-C-BQ
v.                                )    CRIMINAL NO. 5:15-CR-064-01-C
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                Respondent.       )

## REPORT AND RECOMMENDATION

Movant Roy Moya, a federal prisoner, brings this Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 1. The

respondent is the United States of America (Government). On December 7, 2017, the United

States District Judge referred the matter to the undersigned magistrate judge for the limited purpose

of conducting an evidentiary hearing and filing findings of fact and conclusions of law regarding

"Movant's claim that his trial counsel failed to file a notice of appeal as [Movant] instructed." *See*

ECF No. 19. The district judge also authorized the magistrate judge to appoint counsel "only for

the limited purposes of representing Movant at the evidentiary hearing and, if necessary, filing any

objections to the Report and Recommendation." *Id.* at n.2.

### I.    Procedural History

On August 12, 2015, the United States of America indicted Moya on one count of

Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and

(2). The indictment also contained a forfeiture count. On August 21, 2015, the court appointed

Travis Sandoval as counsel for Moya, and on August 25, 2015, Mr. Sandoval filed a notice of

appearance.

Moya entered into a plea agreement with the Government on September 30, 2015, in which he pleaded guilty to being a felon in possession of a firearm. On January 8, 2016, Senior United States District Judge Sam R. Cummings sentenced Moya to serve a term of 120 months in prison. Moya did not file a direct appeal; however, on January 23, 2017, Moya filed the instant § 2255 motion. Through his motion, Moya alleges, among other things, that Mr. Sandoval provided ineffective assistance of counsel by failing to file a notice of appeal. Specifically, Moya contends that he "asked [his] attorney to file an appeal cause I felt I was give[n] to [sic] much time for my crime." ECF No. 6, at 7. On October 30, 2017, the Government filed its response in opposition to Moya's motion. ECF No. 14. With respect to Moya's allegation that Mr. Sandoval failed to file a requested notice of appeal, the Government requested an evidentiary hearing. ECF No. 14, at 7. Accordingly, on December 7, 2017, the district judge referred this matter to the undersigned United States Magistrate Judge for the limited purpose of conducting an evidentiary hearing and filing findings of fact and conclusions of law in regard to Movant's claim. ECF No. 19.

In accordance with the order of reference, the magistrate judge appointed counsel for the limited purpose of representing Moya on his claim that Mr. Sandoval failed to file a notice of appeal as instructed, and conducted a hearing on February 27, 2018. ECF Nos. 20, 28, 31. Both parties were represented by counsel at the hearing. Based upon the testimony at the hearing, a review of court records related to this matter, and the applicable law, the undersigned submits the following findings of fact and conclusions of law.

## II.    **Summary of Testimony**

While Mr. Sandoval testified at the hearing, Moya did not. Mr. Sandoval stated that he reviewed the plea agreement, which contained a waiver of appeal provision, with Moya prior to Moya signing it. Mr. Sandoval testified that after Moya pleaded guilty, he reviewed the

2

presentence report (PSR) with Moya sometime in late December 2017. The PSR contained a sentencing recommendation of 130–162 months, but noted that the statutory maximum was 120 months. Mr. Sandoval affirmed that Moya was aware, prior to the actual sentencing date, that the district judge would likely sentence him to 120 months. Mr. Sandoval also testified that he did not recall Moya raising any specific concerns or objections regarding the contents of the PSR. Mr. Sandoval stated that after reviewing the facts and guideline computations contained in the PSR, Moya signed a document reflecting his adoption of the PSR.

Mr. Sandoval further testified that at sentencing, the district court advised Moya he had fourteen days to file a notice of appeal, and that Moya did not ask him to file any such notice during the fourteen-day period. Mr. Sandoval did confirm, however, that had Moya asked him to file an appeal, he would have done so. Mr. Sandoval did not remember meeting with Moya after his sentencing, but explained that his general practice is to meet with his clients post-sentencing. Mr. Sandoval stated that he had no reason to believe Moya would want to appeal because Moya had signed a waiver of appeal and the 120-month sentence was less than the applicable guideline range, had he not pleaded guilty. In addition, Mr. Sandoval attested that he did not hear anything from Moya regarding a desire to appeal until four months after sentencing, on May 11, 2016, when he received a letter from Moya indicating he wanted to appeal. Mr. Sandoval testified he did not respond to Moya's letter because the time to appeal, or seek an enlargement of time to appeal, had expired.

### III.     Findings of Fact

Based on the testimony elicited at the hearing, the court finds the following:

A. Travis Sandoval has been licensed to practice law in Texas since November 1995, and admitted to practice in the Northern District of Texas since May 1996. Save for a three-

year period, Mr. Sandoval has accepted criminal appointments under the Criminal Justice Act since his admission to the Northern District in 1996.

B. Mr. Sandoval primarily practices criminal law, handling a mixture of state and federal criminal cases.

C. On August 21, 2015, a grand jury indicted Moya on one count of Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and (2). The indictment contained a forfeiture count.

D. The United States Magistrate Judge appointed Mr. Sandoval on August 21, 2015, to represent Moya regarding his criminal charge.

E. On September 30, 2015, Moya pleaded guilty to the one count indictment. The plea agreement contained a provision waiving Moya's right to appeal his conviction and sentence, except under limited circumstances, one of which was the receipt of a sentence exceeding the statutory maximum. Mr. Sandoval reviewed the plea agreement with Moya prior to Moya signing the agreement.

F. Mr. Sandoval met with Moya in late December 2015 to review and discuss the PSR. The PSR contained a sentencing recommendation of 130–162 months, but the statutory maximum was 120 months. Moya signed a document reflecting his adoption of the PSR.[1] Moya was therefore aware of the information contained in the PSR—and the fact that the district judge would likely sentence him to 120 months imprisonment—prior to sentencing.

G. On January 8, 2016, the United States District Court sentenced Moya to 120 months imprisonment. At sentencing, the district judge advised Moya that if he wished to appeal his sentence, he must file a notice of appeal within fourteen days.

---

[1] Although testified to by Mr. Sandoval, and not contradicted by Moya, the court does not find a corresponding entry in the docket reflecting either Moya's or the Government's adoption of the PSR.

4

H.  Moya never filed a notice of appeal.

I.  At no time either prior to or within fourteen days after sentencing did Moya communicate to Mr. Sandoval that he wanted Mr. Sandoval to file a notice of appeal on his behalf. Mr. Sandoval had no reason to believe Moya wanted to appeal because Moya had signed a waiver of appeal and the 120-month sentence he received did not meet one of the exceptions to that waiver.

J.  The first time Mr. Sandoval became aware that Moya had expressed an interest in appealing his sentence was on May 11, 2016, when Mr. Sandoval received a letter (admitted at the hearing as Government's Exhibit 1) from Moya regarding an appeal.

K.  The May 2016 letter arrived after the deadline for filing a notice of appeal under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure and after Mr. Sandoval could have requested an enlargement of time under Rule 4(b)(4) (thirty days beyond the original deadline).

## IV.  <u>Conclusions of Law</u>

The Sixth Amendment guarantees criminal defendants the right to "reasonably effective" legal assistance, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a claim for ineffective assistance of counsel, a movant must satisfy the "now-familiar" *Strickland* test and demonstrate that: (1) his counsel's representation "fell below an objective standard of reasonableness"; and (2) he was prejudiced by his counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (quoting *Strickland*, 466 U.S. at 687–88). A movant's failure to satisfy either prong of the *Strickland* test is generally fatal to his claim. *Strickland*, 466 U.S. at 700; *see United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014).

A.    **Moya did not instruct Mr. Sandoval to file a notice of appeal.**

The *Strickland* test applies to movant's claim "that counsel was constitutionally ineffective for failing to file a notice of appeal." *Flores-Ortega*, 528 U.S. at 477.  An attorney's failure to file a requested notice of appeal "is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit." *United States v. Tapp*, 491 F.3d 263, 265–66 (5th Cir. 2007) (citing *Flores-Ortega*, 528 U.S. at 483–86) (noting that the *Flores-Ortega* standard applies "even where a defendant has waived his right to direct appeal and collateral review").  Thus, if a movant establishes by a preponderance of the evidence that he asked his attorney to file a notice of appeal, and his attorney did not, prejudice is presumed. *Id.* at 266.  An attorney's "duty to perfect an appeal on behalf of a convicted client," however, "does not arise on conviction . . . ." *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993).  Instead, the client must *clearly communicate* to his attorney, in a timely manner, that he wants to appeal. *See id.* (affirming denial of movant's ineffective assistance of counsel claim where movant failed to communicate to counsel his desire to appeal his criminal conviction); *see also United States v. Rivas*, 450 F. App'x 420, 424 (5th Cir. 2011) (citing *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999)) (explaining that the Fifth Circuit has "avoided a bright line rule requiring criminal defense counsel to perfect an appeal in every criminal conviction").

Here, Moya failed to demonstrate by a preponderance of the evidence that he instructed Mr. Sandoval to file an appeal on his behalf.  In his motion, Moya alleges that he "asked [his] attorney to file an appeal cause I felt I was give[n] to [sic] much time for my crime." ECF No. 6, at 7.  At the evidentiary hearing, however, Moya presented no evidence showing that he clearly communicated to Mr. Sandoval, either prior to or immediately after sentencing, that he wanted Mr. Sandoval to file an appeal on his behalf.  Instead, the evidence shows that Moya did not convey

6

his desire to appeal until he mailed Mr. Sandoval a letter in May 2016, long after the time to appeal or seek an extension of time had expired. Because Moya has failed to demonstrate by a preponderance of the evidence that he clearly asked Mr. Sandoval to appeal his criminal sentence, Moya's claim should be denied.

**B.      Moya has not demonstrated Mr. Sandoval breached his constitutional duty to consult with him regarding an appeal, or that he was prejudiced by any such breach.[2]**

Where a movant does not specifically direct his attorney to file an appeal, as in this case, the court may still have an obligation to determine whether his attorney failed to adequately consult with him regarding an appeal. *Flores-Ortega*, 528 U.S. at 478. The court notes initially that it does not read Moya's motion as raising a claim that Mr. Sandoval failed in his obligation to adequately consult with Moya about the possibility of an appeal. To the extent the court must consider the issue, however, Moya has nonetheless failed to establish a meritorious claim. *See, e.g.*, *Flores-Ortega*, 528 U.S. at 478 ("In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal."); *Hurrelbrink v. United States*, Case No. 3:15-CV-3978-L-BK, 2017 WL 1683663, at *2 n.2 (N.D. Tex. Mar. 27, 2017) (explaining that although movant "did not assert that counsel failed in his obligation to adequately consult with [him] about appealing," the court would address such claim "because *Flores-Ortega* requires" as much); *Lopez-Lara v. United States*, Civil Action No. B-13-178, 2014 WL 11531891, at *11 (S.D. Tex. Aug. 7, 2014) (explaining that the court was required

---

[2] Moya did not raise such a claim in his motion or at the evidentiary part of the hearing; however, Moya's counsel argued in closing that Mr. Sandoval should have met with Moya after sentencing to determine whether Moya wanted to appeal. The district judge's order of reference limits the undersigned's review to Moya's claim that Mr. Sandoval failed to file a notice of appeal as instructed; however, to the extent the district judge's order of reference requires analysis of the argument raised by Moya's counsel, the undersigned provides the following.

to determine whether movant's attorney had a duty to consult regarding an appeal, despite movant's failure to ask his attorney to file an appeal).

1. *Moya has not demonstrated Mr. Sandoval breached his duty to consult with Moya regarding an appeal.*

An attorney may have a constitutional duty to consult with a client regarding an appeal. *Flores-Ortega*, 528 U.S. at 480. "Under *Flores–Ortega,* the first *Strickland* prong begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (quoting *Flores-Ortega*, 528 U.S. at 478). "Consulting" is generally defined as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 478). Where an attorney fails to consult with a client regarding an appeal, "then the question is whether that failure was unreasonable because it breached the duty to consult." *Pham*, 722 F.3d at 324; *see also Flores-Ortega*, 528 U.S. at 478 (explaining that even where an attorney "has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance"). An attorney "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Pham*, 722 F.3d at 324 (quoting *Flores-Ortega*, 528 U.S. at 480). The court must assess an attorney's duty to consult "in light of 'all the information counsel knew or should have known.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). "Whether the conviction followed a trial or a guilty plea is 'highly relevant,' although not determinative, as is whether the defendant waived his right

to appeal and whether he received a sentence for which he bargained." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480).

The evidence is unclear as to the precise extent Mr. Sandoval consulted with Moya regarding any appeal. At the evidentiary hearing, Mr. Sandoval generally asserted that he reviewed the terms of the plea agreement with Moya, which contained a waiver of appeal provision, and the PSR, which Moya adopted. Mr. Sandoval also testified, however, that he did not remember meeting with Moya post-sentencing, although he indicated that is his practice. Regardless, the evidence before the court does not show that Mr. Sandoval had a constitutionally imposed duty to consult with Moya regarding an appeal. Moya introduced no evidence suggesting his post-sentencing actions should have triggered Mr. Sandoval's duty to investigate Moya's desire to appeal. Specifically, he does not allege that he was visibly dissatisfied, or that he voiced complaint to Mr. Sandoval, post-sentencing. *See, e.g.*, *United States v. Casarez*, 304 F. App'x 325, 2008 WL 5381482, at *1 (5th Cir. Dec. 23, 2008) (explaining that movant failed to reasonably demonstrate to counsel he was interested in appealing where, although movant "was upset about sentencing matters before and after the sentencing hearing, [movant] did not express to counsel any interest in appealing the sentence either when [movant] spoke to counsel after the sentencing hearing or when [movant] called counsel's office"); *Hurrelbrink*, 2017 WL 1683663, at *4–5 (distinguishing *Pham* and explaining that movant failed to establish the first *Strickland* prong where movant, despite being dissatisfied with her sentence, did not indicate a desire to take any action to appeal); *United States v. Washington*, Criminal Action No. 11-235, 2014 WL 5179601, at *7 (E.D. La. Oct. 14, 2014) (holding that attorney's failure to consult with movant regarding an appeal did not breach a constitutional duty where movant presented no credible evidence establishing that he conveyed to his attorney an interest in appealing).

9

Moreover, Moya has not demonstrated that a rational defendant would have wanted to appeal. Mr. Sandoval testified that he discussed the information contained in the PSR with Moya prior to his signing the adoption. The PSR contained a sentencing recommendation of 130–162 months, but the statutory maximum was 120 months. Moya was therefore aware of the information contained in the PSR, and the fact that the district judge would likely sentence him to 120 months imprisonment, prior to sentencing. Mr. Sandoval further explained that he had no reason to believe Moya would want to appeal his sentence because Moya had signed a waiver of appeal and the 120-month sentence was less than the guideline range had Moya not pleaded guilty.[3] In addition, the district judge advised Moya at sentencing of his right to appeal and the time within which to file an appeal. Yet, despite the district judge's admonition, Moya presented no evidence demonstrating he conveyed any interest in "chang[ing] the outcome of his sentencing through additional proceedings" sufficient to trigger Mr. Sandoval's constitutional duty to consult with Moya about an appeal. *Pham*, 722 F.3d at 326; *see Hurrelbrink*, 2017 WL 1683663, at *4.

In sum, Moya has failed to show that he conveyed any interest in appealing to Mr. Sandoval, and thus trigger for Mr. Sandoval a duty to consult with Moya. *Cf. Pham*, 722 F.3d at 325–26 (concluding that attorney's awareness that movant hoped to receive probation, and movant's "post-sentencing statements and demeanor," triggered attorney's constitutional duty to consult with movant about an appeal). Instead, the record demonstrates that Moya exhibited no desire to appeal until he mailed a letter to Mr. Sandoval in May 2016.[4] Moreover, Moya did not establish, by a preponderance of the evidence, that a rational defendant would have appealed.

---

[3] The Government apparently agreed not to bring certain charges against Moya in exchange for his guilty plea. Although the court is not clear as to the specifics of this agreement, counsel introduced some evidence at the hearing suggesting that Moya might have received a longer sentence had he not pleaded guilty.

[4] In his motion, Moya states that he "wrote [his] attorney multiple times to ask him to file different motions and to get back with [him]." ECF No. 6, at 7. But the hearing evidence showed Moya sent only one letter, in May 2016, to Sandoval expressing his desire to appeal.

Accordingly, the court finds that Moya has failed to meet his burden with respect to the first prong of *Strickland*.

### 2. Moya has failed to show he would have appealed but for Mr. Sandoval's alleged failure to consult with him regarding an appeal.

Even assuming Moya could establish the first *Strickland* prong, he has failed to demonstrate he was prejudiced by any constitutionally deficient performance. When an attorney breaches his constitutionally-imposed duty to consult, the court will not presume prejudice. *Hurrelbrink*, 2017 WL 1683663, at *2 (citing *Flores-Ortega*, 528 U.S. at 484); *Esquivel v. United States*, No. 3:15-cv-553-D-BN, 2016 WL 6902150, at *4 (N.D. Tex. Oct. 3, 2016). Instead, "under *Flores-Ortega*, a defendant satisfies the second *Strickland* prong if he shows 'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" *Pham*, 722 F.3d at 324 (quoting *Flores-Ortega*, 528 U.S. at 484). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694). "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Flores-Ortega*, 528 U.S. at 485. To establish prejudice, however, a defendant need not "demonstrate that his hypothetical appeal might have had merit . . . ." *Id.* at 486.

Moya points to no evidence showing that he would have timely appealed but for Mr. Sandoval's alleged failure to consult regarding an appeal. Moya did not testify, nor did he allege in his motion, that he actually would have appealed but for Mr. Sandoval's allegedly deficient performance. Moreover, as the Fifth Circuit explained in *Bejarano*, "while 'a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal,' this 'evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel

about the appeal, he would have instructed his counsel to file an appeal.'" 751 F.3d at 286. Moya failed to present any evidence he timely conveyed an interest in appealing, much less any evidence that he in fact would have appealed. He did not attempt to contact Mr. Sandoval regarding an appeal until May 2016—nearly five months post-sentencing—and he waited approximately one year after sentencing to file the instant § 2255. *See Bejarano*, 751 F.3d at 287 (quoting *Johnson v. United States*, 364 F. App'x 972, 977 (6th Cir. 2010)) (explaining that waiting almost one full year after sentencing to file a § 2255 motion indicates that movant was unlikely to have timely appealed). In other words, the evidence shows Moya was unlikely to have timely appealed his criminal sentence. *Id.*

Accordingly, Moya has failed to establish there is a reasonable probability he would have appealed but for Mr. Sandoval's alleged deficiency. Thus, the court concludes Moya has also failed to meet his burden with respect to the second *Strickland* prong.

## V.    **Recommendation**

For the foregoing reasons, the undersigned recommends that the United States District Court deny Moya's claim that Mr. Sandoval provided ineffective assistance of counsel by failing to file a notice of appeal on his behalf.

## VI.    **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific.  Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May **30**, 2018

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**

13