IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

|  |  |  |
|---|---|---|
| ROY MOYA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | CIVIL No. 5:17-CV-021-C-BQ |
| vs. | ) | CRIMINAL No. 5:15-CR-064-01-C |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Report and Recommendation of the United States Magistrate Judge, filed May 30, 2018, and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Report and Recommendation of the Magistrate Judge is correct and the findings and conclusions of law therein are accepted as the findings and conclusions of the Court.[1]  For the reasons stated in the Report and Recommendation of the United States Magistrate Judge, the Court finds that Movant's claim that his trial counsel provided ineffective assistance of counsel by failing to file a notice of appeal is **DENIED** with prejudice.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** movant a Certificate of Appealability.  The Court finds that the movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims

---

[1] The Court notes that Movant failed to file a timely objection within the prescribed fourteen-day period.

debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event that the movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

SIGNED this 19th day of June, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.